## Case No. 1,367.

### The BETSY v. DUNCAN.

[2 Wash. C. C. 272.][1]

Circuit Court, D. Pennsylvania.  Oct. Term, 1808.

SEAMEN—MARINERS' WAGES—TEMPORARY ABSENCE FROM VESSEL.

The seaman left the vessel at the Lazaretto, and after her arrival at Philadelphia he went on board, and did work by order of the mate. The captain afterwards promised to pay him his wages. It did not appear that an entry of desertion at the Lazaretto was made in the logbook, and no good cause for the non-payment of the wages being shown, they were ordered to be paid.

[Cited in The Sarah Jane, Case No. 12,348.]

[Appeal from the district court of the United States for the district of Pennsylvania.

[In admiralty. Libel for seaman's wages by Duncan against the brig Betsy. A decree was entered for the libellant. Respondent appeals. Affirmed.]

This was an appeal from the district court. The libel states, that the libellant shipped on board of this brig at Liverpool in 1807, on a voyage from thence to Philadelphia, and thence to Hayti. On her arrival at Philadelphia, the crew were all discharged, and the voyage changed. The libellant went into another vessel to Port-au-Prince, where the Betsy afterwards arrived, and the captain of her seized the libellant, and obliged him to serve on board the Betsy to Philadelphia, where he was discharged. He claims sixty dollars for his wages from Port-au-Prince to Philadelphia.

The captain, in his answer, admits the contract, but denies that he discharged the crew at Philadelphia, but stated that the libellant deserted her there; denies that the voyage was changed; admits that he seized the libellant in Hayti, and that he served as a common seaman back; but that at the Lazaretto he deserted the vessel and never returned to her again. The desertion of the libellant at the Lazaretto, and that he never returned there, is proved by Campbell, one of the mariners on the inward voyage. The pilot proves the desertion, and that he never heard of his return to the vessel; but he left her at the Lazaretto. William Brown, one of the mariners, states, that at the Lazaretto, the captain threw overboard the libellant's bed, &c.; that he went on shore, and the vessel set sail and left him; at Philadelphia he came on board, and did work, as ordered by the mate, till discharged. William Raison, who was employed at Philadelphia in discharging the vessel, proves, that the libellant came on board, and went to work by orders of the mate and captain; that the captain promised to discharge him the next day, and to pay him his wages.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. It is unnecessary to give any opinion as to the original contract to go from Philadelphia to Hayti, which, being prohibited by the laws of the United States, seems to be relied upon by the captain, as a reason for not paying the wages claimed by the libellant. That contract was put an end to at Philadelphia, if the statement made by the libellant be true, and if not so, still it was not unlawful for the libellant to enter on board this vessel at Hayti, as a mariner, on a voyage to Philadelphia. The question is, did he forfeit his right to wages, by desertion, before the voyage was finished? The affirmative of this fact is stated by one witness, positively, and another speaks only of his going on shore, but does not represent it as a desertion; nor does he know whether he returned again or not. Two other witnesses prove that he came on board at Philadelphia, did work by orders of the mate, and one proves that the captain promised to pay him his wages. It does not appear that the captain made any entry on his log-book, that the libellant had deserted or left the vessel without leave; and as a good cause should be assigned and proved for not paying his wages, we must, upon the evidence in the cause, say that the libellant is entitled to recover them.

The sentence below must be affirmed, and the clerk is to ascertain the wages due, conformably to the agreement of the parties.